1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

JOSE ALATORRE-ESPINOZA,

12

Petitioner,

13

vs.

14
15

UNITED STATES OF AMERICA,

16

Respondent.

17

CASE NO. 12-cv-2273 – IEG
Related Case: 12-cr-1781 – IEG

**ORDER:**

**(1) DENYING PETITIONER'S MOTION FOR TIME REDUCTION PURSUANT TO 28 U.S.C. § 2255 [Doc. No. 29 in 12-cr-1781]; and**

**(2) DENYING CERTIFICATE OF APPEALABILITY**

18
19
20
21
22
23
24
25
26
27
28

Petitioner Jose Alatorre- Espinoza ("Petitioner"), a federal inmate proceeding *pro se*, submitted a motion for a time reduction of his sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 29 in 12-cr-1781.] He seeks relief on the grounds that, due to his alien status, he is ineligible for a one-year reduction of sentence through a drug program, an early release to a halfway house, and a Unicor job. [Id. at 2.] Petitioner argues that the availability of these programs to U.S. citizens, but not to aliens, violates the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, and the "Equal Right Act." [Id. at 2-3.] Having considered Petitioner's arguments, and for the reasons set forth below, the Court **DENIES** Petitioner's motion for time reduction pursuant to 28 U.S.C. § 2255.

**BACKGROUND**

Petitioner was charged with, and ultimately pled guilty to, violation of 8 U.S.C. § 1326 for attempted reentry of removed alien.  [Doc. No. 28, <u>Judgment</u> at 1.]  As part of his Plea Agreement, Petitioner expressly "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court impose[d] a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing."  [Doc. No. 13, <u>Plea Agreement</u> at 10.]  On August 28, 2012, this Court sentenced Petitioner to 18 months in federal custody, which is significantly lower than the 30 to 37 months guidelines range recommended by the Government [Doc. No. 18, <u>Sentencing Summary Chart</u>], and supervised release for a term of two years.  [Doc. No. 28, <u>Judgment.</u>]

**DISCUSSION**

Section 2255(a) authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States."  Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure."  <u>United States v. Timmreck</u>, 441 U.S. 780, 783-84 (1979) (internal quotation marks omitted).  If the record clearly indicates that a petitioner does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing.  <u>United States v. Quan</u>, 789 F.2d 711, 715 (9th Cir. 1986).

**I.   Waiver**

Petitioner under the plea agreement waived his rights to collaterally attack his sentence.  "A defendant's waiver of his appellate rights is enforceable if (1) the

language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted).  In the present case, as part of his plea agreement, Petitioner expressly waived "any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court impose[d] a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." [Doc. No. 13, Plea Agreement at 10.]

At sentencing, the Court imposed a sentence of 18 months, which is significantly lower than the Government's recommended guideline range of 30 to 37 months.  [Doc. No. 18, Sentencing Summary Chart.]  Because the Court did not impose a sentence above the high end of the guidelines range recommended by the Government, waiver applies.  Nor is there any indication that Petitioner's waiver was not knowingly or voluntarily made.  Further, Petitioner does not assert a claim of ineffective assistance of counsel.  Accordingly, Petitioner's valid waiver precludes collateral attack on his sentence. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); see also United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir. 1990) (public policy supports plea agreements because, *inter alia*, of the finality that results).

**II.   Merits**

Even assuming Petitioner did not waive the right to collaterally attack his sentence, his claims fail on the merits.

**A.   Equal Protection**

Aliens present in the United States illegally are entitled to the full protections of the Equal Protection Clause. Plyler v. Doe, 457 U.S. 202, 215 (1982). Nonetheless, to state a claim for violation of the Equal Protection Clause, the plaintiff must allege that he was treated differently from other similarly situated

persons.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

Unless a suspect classification is present, the unequal treatment must

only be "rationally related to a legitimate state interest." Id. at 440.  The Supreme

Court has ruled that undocumented aliens are not a suspect class, Plyler, 457 U.S. at

223, and therefore, rational basis review applies, which "accords a strong

presumption of validity."  McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir.

1999).

        As other courts have concluded, deportable aliens are not "similarly situated"

to U.S. citizens with respect to the benefits that Petitioner seeks.  See, e.g., Aguilar-

Marroquin v. United States, 2011 WL 1344251, at *2 (S.D. Cal. Apr. 8, 2011);

Rendon-Inzunza v. United States, 2010 WL 3076271, at *1 (S.D. Cal. Aug. 6,

2010); Santos v. United States, 940 F. Supp. 275, 281 (D. Haw. Aug. 16, 1996).

Because United States citizen inmates must re-enter domestic society upon

completion of their sentences, they have a strong incentive to comply with

community-based placement.  On the other hand, non-citizen inmates subject to

deportation upon completion of their sentences may have an opposite incentive to

flee from the community-based placement.  Accordingly, "[i]t is not an equal

protection violation to allow United States citizen-inmates, who must re-enter

domestic society, to participate in rehabilitative or other programs while denying

that privilege to deportable inmates."  Rendon-Inzunza, 2010 WL 3076271, at *1.

Because the two groups are not "similarly situated" for purposes of relief that

Petitioner seeks, there is no equal protection violation.  See City of Cleburne, 473

U.S. at 439; see also Demore v. Kim, 538 U.S. 510, 521-22 (2003) ("Congress may

make rules as to aliens that would be unacceptable if applied to citizens.").

        Furthermore, the policy precluding deportable aliens from participating in

certain community-based programs does not violate equal protection because it is

rationally related to the government's interest in preventing those individuals from

fleeing.  See McLean, 173 F.3d at 1184 (the exclusion of deportable aliens from

participating in a community-based treatment program was rationally-based, and
therefore constitutional, seeing as "prisoners with detainers pose a flight risk during
the community-based treatment phase because they are subject to possible
deportation upon release from custody, and therefore have reason to flee a halfway
house"). Accordingly, Defendant fails to state a claim for an equal protection
violation.

### B. Due Process

Defendant also fails to state a claim for a due process violation. "A due
process claim is cognizable only if there is a recognized liberty or property interest
at stake." Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995). The Ninth
Circuit has held that a prisoner does not have a recognized liberty interest in
sentence reduction. See McLean, 173 F.3d at 1184-85 (citing Jacks v. Crabtree, 114
F.3d 983, 986 n.4 (9th Cir. 1997)). Jacks held that the denial of a one-year
reduction does not violate due process because it does not "impose atypical and
significant hardship on the inmate in relation to the ordinary incidents of prison
life;" rather, it "merely means that the inmate will have to serve out his sentence as
expected." McLean, 173 F.3d at 1185 (quoting Jacks, 114 F.3d at 986 n.4).
Accordingly, Defendant's claim that his denial of a sentence reduction is a due
process violation fails.

### C. "Equal Right Act"

Finally, Petitioner's claim that his ineligibility violates the "Equal Right Act"
fails. Petitioner claims that he is treated differently based on his status as an alien,
which is encompassed by his equal protection claim. See Cabanillas-Garcia v.
United States, 2012 WL 5928154, at *3 (S.D. Cal. Nov. 26, 2012). As discussed
above, Petitioner's equal protection claim fails. Accordingly, the result is the same
for his "Equal Right Act" claim, and thus this claim also fails.

## CONCLUSION

Because Petitioner's collateral attack is precluded by a valid waiver, the

12cr1781; 12cv2273

1    Court **DENIES** Petitioner's motion for sentence reduction under 28 U.S.C. § 2255.

2    The Court also denies a certificate of appealability because Petitioner has not "made

3    a substantial showing of the denial of a constitutional right."  See 28 U.S.C. §

4    2253(c)(2).  The clerk is directed to close the case.

5         **IT IS SO ORDERED.**

6    **Dated:** May 2, 2013

7                                        **IRMA E. GONZALEZ**
                                         **United States District Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cr1781; 12cv2273